UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4149

MICHAEL LATRON TURNER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-10-V, CA-98-24-V)

Submitted: January 14, 2003

Decided: March 11, 2003

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Sean P. Devereux, SEAN P. DEVEREUX, P.A., Asheville, North
Carolina, for Appellant. Robert Jack Higdon, Jr., OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Latron Turner appeals his conviction and the sentence imposed by the district court following his guilty plea to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Turner's behalf that his plea was not voluntary, that the appellate waiver contained in his plea agreement is not binding, that the district court incorrectly calculated his sentencing guidelines range, and that he received ineffective assistance of counsel. Turner has not filed a pro se supplemental brief, although informed of his right to do so. Finding no reversible error, we affirm.

The adequacy of a guilty plea generally is reviewed de novo. *See United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994). A defendant's guilty plea must be voluntary. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A plea that was induced by improper threats or promises, *Brady v. United States*, 397 U.S. 742, 755 (1970), or brought about by ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985), is involuntary. However, declarations in open court that a plea is knowingly and voluntarily entered carry a strong presumption of veracity. *United States v. Morrow*, 914 F.2d 608, 613-14 (4th Cir. 1990). With these standards in mind, we find Turner's plea was both knowing and voluntary.

Whether a defendant validly waived his right to appeal is a question of law, which this Court reviews de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Criminal defendants may waive their appellate rights so long as the waiver is made knowingly and voluntarily. *Id.* In determining whether the waiver has been made knowingly and voluntarily, courts review the totality of the circumstances surrounding the waiver, including the experience and conduct of the accused, the accused's educational background and familiarity with the terms of the plea agreement, whether the waiver was unambiguous and plainly embodied in the plea agreement, whether the court accepting the plea agreement questioned the defendant about the

waiver terms in the plea colloquy, and whether the accused was represented by counsel. *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). We have reviewed the totality of the circumstances, including the district court's thorough questioning of Turner during his Fed. R. Crim. P. 11 hearing about his waiver of the right to appeal, and we find Turner's appellate waiver valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990).

Turner next contends the district court incorrectly calculated his sentencing guidelines range. We find this issue waived by Turner's appellate waiver.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Turner's ineffective assistance claim is therefore not cognizable in this direct appeal.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Turner's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*